IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TORI HARRIS, ) | |
| #18085-002, ) | |
|  ) | |
| Petitioner, ) | |
|  ) | |
| v. ) | CASE NO. 3:23-cv-72-RAH |
|  ) | |
| UNITED STATES OF AMERICA, ) | |
|  ) | |
| Respondent. ) | |

**MEMORANDUM OPINION AND ORDER**

Tori Harris, a federal inmate proceeding *pro se*, has filed a motion under 28 U.S.C. § 2255 to collaterally attack his sentence in *United States v. Harris*, 3:20-cr-88-RAH-JTA-1.[1] Harris contends that his counsel rendered constitutionally ineffective assistance by failing to object to the 10:1 ratio between actual methamphetamine and a methamphetamine mixture under the applicable guidelines. (*Id.*; Doc. 1-1.) For the reasons set forth below, Harris's § 2255 motion will be **DENIED** without an evidentiary hearing as time-barred. *See* Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*.

BACKGROUND

On March 10, 2020, a grand jury returned a two-count indictment charging Harris with two counts of distributing 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841. (Doc. 5-1; Cr. No. 1.) On October 6, 2020, Harris pleaded guilty to Count 1 pursuant to a plea agreement. (Docs. 5-2, 5-3; Cr. No. 74.) Prior to sentencing, United States Probation produced a Presentence Investigation Report ("PSR"). (Doc. 5-4; Cr. No. 64.) The PSR reported a total offense level of 33 and a criminal history category of V, resulting in a guidelines range of 210 months to 262 months of imprisonment. (*Id.* at 18.)

---

[1] All citations to the underlying criminal action will be denoted as "Cr. No."

On March 9, 2021, the Court held a sentencing hearing, at which time the Court accepted the plea agreement between the parties. (Doc. 5-5 at 4; Cr. No. 73.) The Court then considered multiple objections to the PSR made by Harris's defense counsel. The first objection dealt with a two-level gun enhancement. (Doc. 5-5 at 5.) The Government agreed with the objection and the Court sustained it. (*Id.* at 5–6.) The second objection was to a stash house enhancement (*id.* at 6), which the Court also sustained (*id.* at 22).

The Court then calculated an offense level of 29, a criminal history category of V, and a guideline range of 140 months to 175 months of imprisonment. (*Id.* at 23.) Harris's defense counsel argued for the statutory mandatory minimum of 120 months of imprisonment. (*Id.* at 24–26.) The Court subsequently sentenced Harris to 150 months of imprisonment (*id.* at 31), and judgment was entered on March 9, 2021 (Doc. 5-6; Cr. No. 62). Harris did not file an appeal. (*See* Doc. 1 at 2; Doc. 1-1 at 2.)

On February 2, 2023, Harris filed the instant § 2255 motion, arguing that his counsel was ineffective by failing to object to the 10:1 ratio between actual methamphetamine and a methamphetamine mixture. (Doc. 1.) On June 12, 2023, the Government filed a Response, arguing that the § 2255 motion is time-barred by the applicable one-year statute of limitations and that Harris's ineffective assistance of counsel claim also fails on the merits. (Doc. 5.) On July 17, 2023, Harris filed a reply. (Doc. 8.) The § 2255 motion is now ripe for consideration.

## DISCUSSION

Motions under 28 U.S.C. § 2255 are subject to a one-year limitation period, which runs from the latest of—

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f); *see also* Rule 3(c), *Rules Governing Section 2255 Proceedings for the United States District Courts*. "A conviction ordinarily becomes final when the opportunity for direct appeal of the judgment of conviction has been exhausted." *Akins v. United States*, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000). An appeal must be filed within 14 days of entry of judgment. Fed. R. App. P. 4(b)(1)(a)(i). Therefore, if no appeal is filed, a conviction becomes final for purposes of 28 U.S.C. § 2255(f)(1) 14 days after judgment is entered. *See, e.g., Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000).

As noted above, judgment was entered in Harris's case on March 9, 2021 (Doc. 5-6; Cr. No. 62), and Harris did not file an appeal. Therefore, Harris's conviction became final on March 23, 2021—14 days after judgment was entered and the date on which the deadline to appeal expired. Thus, absent a tolling event, Harris had until March 23, 2022 to file a timely § 2255 motion. *See* 28 U.S.C. § 2255(f). However, as noted above, Harris did not file the instant § 2255 motion until February 2, 2023—nearly a year later. (*See* Doc. 1 at 12.)

Recognizing the apparent untimeliness of his § 2255 motion, Harris claims that he "should be granted Equitable Tolling due to COVID-19." (*Id*. at 11.) He states that he "was pursuing his rights, but was, in sum, denied meaningful access to the Courts through the extended lockdown the BOP had to implement to control COVID-19" and "[s]uch an extended lockdown and denial of access to the Courts, are extraordinary circumstances to grant [him] equitable tolling." (Doc. 1-1 at 11.) In response to the Government's contention that he failed to specify how COVID-19 prevented him from filing within the applicable period, Harris further provides in relevant part:

> In this case, Petitioner was locked in his cell for months on end, and denied any access to the Law Library.[] Pro Se status and ignorance of the Law are not extraordinary circumstances. However, couple that with locking that Pro Se litigant in a cell, undermining his constitutional right to meaningful access to the Courts, rises to the level of extraordinary.

3

(Doc. 8 at 2–3.)

For the one-year limitation period to be equitably tolled, a movant must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotation marks omitted). Equitable tolling "is an extraordinary remedy which is typically applied sparingly." *Dodd v. United States*, 365 F.3d 1273, 1282 (11th Cir. 2004) (quotation marks omitted). The focus of the "extraordinary circumstances" inquiry is "on the circumstances surrounding the late filing of the habeas petition" and "whether the conduct of others prevented the petitioner from timely filing." *Arthur v. Allen*, 452 F.3d 1234, 1253 (11th Cir. 2006) (quotation marks and citation omitted). The petitioner has the burden of showing that his circumstances justify equitable tolling. *Dodd*, 365 F.3d at 1282.

Upon review, the Court finds that Harris has not made either of the two requisite showings for a finding of equitable tolling. First, other than a single conclusory assertion that he was "pursuing his rights" (Doc. 1-1 at 11), Harris provides no specific allegations or evidence that he pursued his rights diligently. *See Hutchinson v. Florida*, 677 F.3d 1097, 1099 (11th Cir. 2012) ("[T]he allegations supporting equitable tolling must be specific and not conclusory."); *see also Whitaker v. Comm'r, Ga. Dep't of Corr.*, No. 21-14467-A, 2022 WL 2156663 (11th Cir. May 3, 2022) ("[W]hile Whitaker made a conclusory assertion that he pursued his rights diligently, he did not explain why he waited over 11 months to file his state habeas corpus petition[.] While the Covid-19 pandemic may have impacted his access to legal materials . . . his circumstances were not different than any other prisoner attempting to access legal resources. Accordingly, he could not show due diligence or extraordinary circumstances warranting equitable tolling.").[2]

---

[2] "Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive." *Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1355 n.5 (11th Cir. 2018) (citation omitted); *see* 11th Cir. R. 36-2. The Federal Rules of Appellate Procedure expressly allow citation to unpublished federal judicial dispositions that have been issued on or after January 1, 2007. Fed. R. App. P. 32.1(a). The Court finds persuasive the unpublished decisions cited herein.

Second, the Eleventh Circuit has repeatedly held that prison lockdowns due to COVID-19 do not constitute extraordinary circumstances for purposes of equitable tolling. *See Johnson v. United States*, No. 21-12000, 2022 WL 4483113, at *2 (11th Cir. Sept. 27, 2022) (holding that prison lockdowns due to COVID-19 were an insufficient basis for equitable tolling and noting that petitioner did not explain "how he was able to file [other] documents during the one-year limitation period, but not timely file his § 2255 motion," or "why he did not file, and could not have filed, his § 2255 motion before the lockdowns began"); *Powell v. United States*, No. 21-12432-J, 2022 WL 2811987 (11th Cir. Feb. 8, 2022) (denying certificate of appealability for dismissal of § 2255 motion as time-barred and noting that, under Eleventh Circuit precedent, "lockdowns and similar limitations imposed because of the COVID-19 pandemic were not extraordinary circumstances which by themselves justify equitable tolling"); *Rush v. Sec'y, Fla. Dep't of Corr.*, No. 21-10218-C, 2021 WL 3134763, at *1 (11th Cir. June 22, 2021) (holding that COVID-19 did not constitute an extraordinary circumstance because all prisoners "attempting to access legal resources . . . were subject to COVID-19 protocols").

Although Harris vaguely claims he was "locked in his cell for months on end" (Doc. 8 at 2), he fails to specify how or why he was prevented from filing the instant § 2255 motion for a nearly two-year period. Indeed, Court records reflect that Harris filed a *pro se* Motion for Compassionate Release in his underlying criminal case nearly three months prior to filing the instant § 2255 motion, which contained substantial case law and legal argument, as well as other related filings. (Cr. Nos. 65, 70, 72.) The fact that Harris was capable of filing such a motion, but did not file the present action until months later, belies a finding of diligence. And the Eleventh Circuit has continually found that Harris's remaining allegations regarding lockdowns—without more—do not constitute extraordinary circumstances. Thus, because Harris has failed to demonstrate either that he pursued his rights diligently or that an extraordinary circumstance prevented him from timely filing his § 2255 motion, Harris is not entitled to equitable tolling and his § 2255 motion is time-barred.

**EVIDENTIARY HEARING**

Harris is not entitled to an evidentiary hearing because he has not alleged specific facts that, if true, would entitle him to habeas relief. *See Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 763 (11th Cir. 2010) ("Having alleged no specific facts that, if true, would entitle him to federal habeas relief, [Petitioner] is not entitled to an evidentiary hearing.").

**CONCLUSION**

For the foregoing reasons, it is **ORDERED** and **ADJUDGED** as follows:

(1) Harris's 28 U.S.C. § 2255 motion (Doc. 1) is **DENIED** as time-barred;

(2) Harris's motion seeking a status update (Doc. 23) is **DENIED** as **MOOT**[3];

(3) To the extent Harris seeks a certificate of appealability, the request to proceed on appeal is **DENIED** because Harris has failed to make a substantial showing of the denial of a constitutional right (*see* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–85 (2000)); and

(4) The Clerk is directed to **CLOSE** this case and mail a copy of this Order, as well as copies of the Court's Orders entered on July 15 and 16, 2024 (Docs. 14, 15) to Harris at his address of record.

DONE, on this the 18th day of September 2025.

_____
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE

---

[3] In that motion, Harris seeks "a status update regarding his 2255 motion so that he can move forward in his response or be able to amend his 2255 motion." (Doc. 23 at 1.) He notes that some of his legal mail was returned to the Court as undeliverable through no fault of his own. (*Id*.) Upon review of the record, it appears that Harris indeed failed to receive copies of two prior Court orders, one entered on July 15, 2024 denying a motion for an enlargement of time (Doc. 14) and one entered on July 16, 2024 denying motions for copies (Doc. 15). The Clerk will be directed to resend Harris copies of those orders. However, the Court finds that such failure does not affect the outcome of this case, as the § 2255 motion has been fully submitted. On July 17, 2023, the Court received Harris's reply to the Government's filings (Doc. 8) and, on September 14, 2023, the Court issued an Order giving Harris additional time to file a supplemental reply and cautioning him that "[a]ny documents or evidence filed after this date will not be considered by the Court except upon a showing of exceptional circumstances" (Doc. 10). That Order was not returned to the Court as undeliverable, and Harris has not demonstrated exceptional circumstances warranting any further out-of-time reply.